The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard B. Ford and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award except for some technical modifications and the addition of Findings of Fact 12 and 13, Conclusion of Law 6, Award Paragraph 7 and the Order Section.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 22 September 1991, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. On said date an employer-employee relationship existed between the parties.
3. As of said date defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. That plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer on 22 September 1991.
5. On said date plaintiff was earning an average weekly wage of $568.98.
6. That plaintiff has been paid compensation benefits by defendant-employer from 23 September 1991 through 10 June 1992.
7. That the issues to be determined in this case are:
a. To what further compensation, if any, is the plaintiff entitled to under Sections 97-31(15) or (24) or 97-30 of the Act.
b. Is plaintiff entitled to a ten percent penalty to be charged against the defendant under Section 97-18 of the Act.
8. The parties further stipulate into evidence approximately fifty pages of medical records and an Industrial Commission From 19 dated 23 September 1991.
At the hearing on 24 May 1994 the parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of an Industrial Commission Form 21 with attachment dated 3 October 1991.
2. Plaintiff's Exhibit 2, marked P2, consisting of a deposition of plaintiff dated 24 June 1993, which is treated as a stipulated document.
3. Plaintiff's Exhibit 3, marked P3, consisting of a letter from Timber Line concerning wages.
4. Plaintiff's Exhibit 4, marked P4, consisting of a five page computation of wages for the period from 22 September 1991 to 20 May 1993 to which defendant objects.
5. Defendant's Exhibit 1, marked D1, consisting of a medical report if Dr. Barron dated March 1992.
6. Defendant's Exhibit 2, marked D2, consisting of an unsigned Industrial Commission From 21 dated 22 June 1992.
7. Plaintiff's Exhibit 5, marked P5, consisting of a report of Sue Harrelson for the period 23 June 1992 to 11 August 1992.
Subsequent to the hearing on 24 May 1994 the parties entered the following documentation into the record:
1. Deposition of Dr. Jerry L. Barron, dated 21 June 1994.
2. Deposition of Dr. Richard L. Gilbert, dated 28 June 1994.
3. Deposition of Dr. Sami J. Oweida, dated 20 July 1994.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On 22 September 1991, plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer when he was performing the duties of his employment for defendant and stepped into a space between a truck and the loading dock where he was working, with his right leg falling to his crotch level, causing abrasions of the right leg and pain all up and done the right side of his body.
2. Subsequent to said date of 22 September 1991, plaintiff has been furnished medical care and treatment for his injuries by defendant and has been medically diagnosed with a tear of the rectus muscle, bruises and abrasions of the right leg and injury to the lower right abdomen causing pain resulting from the incident of 22 September 1991 which the Full Commission finds as a fact.
3. Defendant has paid and plaintiff has received temporary total disability compensation benefits resulting from said incident of $379.34 from 23 September 1991 through 10 June 1992.
4. On 4 March 1992 plaintiff was medically released to return to light duty work but not for heavy duty work as required by his former work duties as a dock worker for defendant, which light duty work defendant did not furnish to plaintiff.
5. Beginning on 3 September 1992, plaintiff began to work for another employer at light duty work driving a logging truck, which work he continued until 30 October 1992, at which light duty employment he earned $4,561.36.
6. On 20 May 1993, plaintiff returned to work for another employer earning more wages and income than he was while working for defendant and more than his average weekly wage of $568.98.
7. Plaintiff has been medically rated with a twenty (20) percent permanent partial disability of his right leg as a result of the incident of 22 September 1991 which the Full Commission finds as a fact.
8. Plaintiff has been medically rated with a five (5) percent permanent partial disability of his lower right abdomen which the Full Commission finds as a fact.
9. The Full Commission further finds as a fact that the abdomen is an important part of the human body and/or organ of the human body.
10. Plaintiff lost time form work or engaged in light duty work earning decreased wages from his average weekly wage while working for defendant-employer as the result of the incident of 22 September 1991 from 23 September 1991 to 20 May 1993.
11. Plaintiff was earning an average weekly wage of $569.98 on 22 September 1991.
12. In this matter an Industrial Commission Form 21 Agreement for Compensation was prepared by defendant on 3 October 1991 and states that plaintiff was to have been paid compensation for "necessary" weeks. The Form 21 was never submitted to the Industrial Commission, but as evidenced by the 3 October 1991 letter to plaintiff in Plaintiff's Stipulated Exhibit (1), compensation payments did begin on that date. By not filing an Industrial Commission Form 21 defendant undertook a practice which permits a defendant to cease payments at any time, for any reason, without notice and without approval from the Commission. This type of evasive practice is not condoned by the Industrial Commission.
13. Plaintiff has requested the Full Commission to impose a ten (10) percent penalty against defendant pursuant to G.S. §97-18(e). The Full Commission finds insufficient grounds upon which such a penalty could be imposed.
* * * * * * * * * * * *
Based upon the findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 22 September 1991 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer had his decreased earnings capacity during the period 3 September 1992 to 30 October 1992 was caused by the accident and resulting injuries which plaintiff sustained on said date. G.S. § 97-2(6); G.S. § 97-2(9).
2. Plaintiff is entitled to temporary total disability compensation benefits form 23 September 1991 to 20 May 1993 at the rate of $379.34 per week. G.S. § 97-29.
3. Plaintiff is entitled to permanent partial disability compensation benefits for forty (40) weeks at the rate of $379.34 per week commencing 4 March 1992. G.S. 97-30.
4. Plaintiff is entitled to $1,000.00 of compensation for five (5) percent loss of the abdomen, an important part of the human body and/or organ of the body. G.S. § 97-31(24).
5. Defendant is entitled to a credit of two-thirds of $4,561.36 and the compensation paid subsequent to 22 September 1991 against the compensation herein awarded. G.S. § 97-42.
6. Counsel for plaintiff is entitled to attorney fees, in addition to those provided for in Award Paragraph six (6), along with expenses to be paid by defendant for his representation of plaintiff before the Full Commission. G.S. § 97-88.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, The Full Commission enters the following:
AWARD
1. Defendant shall pay to plaintiff in one lump sum temporary total disability compensation benefits for the period 23 September 1991 to 20 May 1993 at the rate of $379.34 per week, less the attorney fee and credit hereinafter provided.
2. Defendant shall pay to plaintiff permanent partial disability compensation benefits for forty (40) weeks at the rate of $379.34 per week commencing 4 March 1992, less the attorney fee and credit hereinafter provided.
3. Defendant shall pay to plaintiff $1,000.00 as compensation for the loss of her abdomen as an important part of the human body and/or organ of the body, less the attorney fee and credit hereinafter approved.
4. Defendant shall pay all reasonable and necessary medical expenses resulting from said injury up to the date of the Opinion and Award filed by Deputy Commissioner Richard B. Ford, and no further.
5. Defendant is allowed a credit of two-thirds of $4,561.36 and the compensation paid subsequent to 22 September 1991 against the compensation herein awarded. This is the only credit defendants are entitled to in this matter.
6. An attorney fee of twenty-five (25) percent of the compensation herein allowed subsequent to deducting the credit herein allowed is hereby approved and awarded to Mr. Charles Welling for his services to plaintiff to be deducted from the compensation provided above and paid directly to said attorney.
7. Defendant shall pay an additional attorney fee to counsel for plaintiff, along with expenses, for his representation of plaintiff before the Full Commission. The amount due is to be determined pursuant to the Order section herein.
8. Defendant shall pay the costs.
* * * * * * * * * * * *
ORDER
1. Counsel for plaintiff's Motion for additional Fees and Expenses is GRANTED. Further, counsel for plaintiff is allowed twenty (20) days from receipt of this Opinion and Award within which to submit to the Full Commission and serve on defendant affidavits and other necessary documents upon which appropriate fees and costs can be set for his representation of plaintiff before the Full Commission. Defendant shall then have ten (10) days to respond appropriately.
2. Defendant shall pay the costs due this Commission.
 S/ _____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________________ BERNADINE S. BALLANCE